UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cr-42-MOC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MARCUS CANTRELL JENNINGS, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821. (Doc. No. 48). The Government has filed a response in opposition. (Doc. No. 52). Because Defendant is not eligible for a sentence reduction under Amendment 821, the Court will deny the motion.

I. **Background**

In October of 2023, Defendant pleaded guilty to possessing a firearm as a convicted felon. (Doc. No. 33 at 1). This Court's probation office assessed Defendant 16 criminal-history points based on his prior convictions. (Id. ¶ 43). The probation office added one criminal-history point because Defendant committed his offense while "under a criminal justice sentence." (Id. ¶ 44). This Court sentenced Defendant to 120 months in prison in March of 2025. (Doc. No. 38 at 2). Defendant now asks this Court to reduce his sentence based on Amendment 821 to the Sentencing Guidelines.

II. **Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively

1

applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. Id. pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. Id.

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. Id. § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." Id. § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less

2

than the amended guideline range." Id. § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. Id. § 1B1.10(b)(2)(C).

### III. Analysis

Defendant is not eligible for a reduction in his sentence. This Court sentenced Defendant in March of 2025, nearly a year and a half after Amendment 821 took effect. And consistently with that amendment, this Court added one criminal-history point because Defendant's criminal history earned him more than six criminal-history points and he committed his felon-in-possession offense while under a criminal-justice sentence. Because application of Amendment 821 would not reduce the sentencing range advised by the Sentencing Guidelines, he is not eligible for a sentence reduction.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion to Reduce Sentence Pursuant to USSC Amendment 821 (Doc. No. 48) is **DENIED**.

Signed: September 2, 2025

Max O. Cogburn Jr
United States District Judge